UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

**DAVIS ELECTRONICS CO., INC.**                                                                    **PLAINTIFF**

vs.                                                                    CIVIL ACTION NO. 3:20-CV-038-CRS

**SPRINGER CAPITAL, LLC, et al.**                                                                 **DEFENDANTS**

### MEMORANDUM OPINION

This matter is before the Court on the motion of the Plaintiff, Davis Electronics Company, Inc. ("Davis Electronics"), for leave to file an amended complaint. DN 29. Defendants, Springer Capital, LLC ("Springer Capital") and SC Echo Associates, LLC ("SC Echo Associates"), filed a response in opposition to Davis Electronics' motion. DN 32. Davis Electronics then filed a reply. DN 35. The matter is now ripe for review.

For the reasons stated herein, Davis Electronics' motion will be granted.

### I. BACKGROUND

Davis Electronics filed a complaint in Jefferson County Circuit Court against Springer Capital and SC Echo Associates. DN 1-3 at 15-21. Defendants timely removed the action to our Court but failed to file a responsive pleading to Davis Electronics' Complaint. DN 1. As a result, Davis Electronics moved for default judgment. DN 5. Defendants then moved for leave to file a late answer. DN at 6. Upon consideration, the Court issued an order that remanded Davis Electronics' motion for default judgment and granted Defendants' motion for leave to file a late answer. DN 8.

The case continued to progress and the Court referred the matter to Magistrate Judge Colin H. Lindsay "for resolution of all litigation planning issues, entry of scheduling orders,

consideration of amendments thereto, and disposition of all non-dispositive matters, including discovery issues." DN 13 at 1. Judge Lindsay entered a scheduling order in June 2020, which provides that "[a]ny motions for joinder of parties or amendment of pleadings [must] be filed no later than November 15, 2020." DN 16 at 2. Following a telephonic status conference with the parties in October 2020, Judge Lindsay issued an order that extended the deadline for motions regarding the "joinder of parties or amendment of pleadings" to "January 15, 2021." DN 20 at 2. Judge Lindsay issued a similar order in December 2020, which stayed "[a]ll pending deadlines in this matter . . . pending further order from the Court," after concluding that discovery was not "progressing according to the Rules of Civil Procedure . . . ." DN 23 at 1-2.

On January 18, 2021, Davis Electronics filed a motion for leave to file an amended complaint. DN 29. The proposed amended complaint seeks to clarify the factual allegations and claims asserted in the Complaint, add two defendants, Thomas S. Greenwood III ("Greenwood")[1] and Brookside Properties, Inc. ("Brookside Properties"), and join two plaintiffs, Gar Davis and Theresa Davis. DN 29-1.

Defendants opposed Davis Electronics' motion for leave to amend. DN 32.

## II. ANALYSIS

Davis Electronics argues that this Court should grant its motion for leave to amend for three reasons: (1) the motion is timely considering the Court's order that stayed the deadline to amend pleadings and join parties, (2) the amended claims "aris[e] from and relate to the allegations in [the] original Complaint;" and (3) "Defendants will not be prejudiced by [the] amended pleading since discovery has not been progressing according to the Rules of Civil Procedure and in

---

[1] The Plaintiffs seek to join Greenwood as an individual party defendant based on the equitable doctrine of "piercing the corporate veil," which could allow them to hold him individually liable for the actions of corporations in which he is a shareholder or director if they prove certain elements.

compliance with previous Court scheduling orders." DN 29 at 1. On the other hand, Defendants contend that the Court should deny Davis Electronics' motion because it is prejudicial, constitutes bad faith, and does not comply with the Court's scheduling order. DN 32 at 1-3.

### A. Federal Rule of Civil Procedure 15(a)(2)

Under Federal Rule of Civil Procedure 15(a), a party may amend its complaint as a matter of right within 21 days after serving the complaint or "if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier." Fed. R. Civ. P. 15(a)(1). "In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2).

The decision to allow a party to amend a pleading is committed to the sound discretion of the district court. *Hayden v. Ford Motor Co.*, 497 F.2d 1292, 1294 (6th Cir. 1974). In evaluating whether to allow a proposed amendment, a court should consider several factors, including "[u]ndue delay in filing, lack of notice to the opposing party, bad faith by the moving party, repeated failure to cure deficiencies by previous amendments, undue prejudice to the opposing party, and futility of amendment." *Coe v. Bell*, 161 F.3d 320, 341 (6th Cir. 1998) (quoting *Brooks v. Celeste*, 39 F.3d 125, 130 (6th Cir. 1994)). The Sixth Circuit has found that "[d]elay by itself is not sufficient to deny a motion to amend." *Hageman v. Signal L. P. Gas, Inc.*, 486 F.2d 479, 484 (6th Cir. 1973); *see also Duggins v. Steak 'N Shake, Inc.*, 195 F.3d 828, 834 (6th Cir. 1999); *Moore v. City of Paducah,* 790 F.2d 557, 562 (6th Cir. 1986). "Rather, the critical factors are notice and substantial prejudice." *Estes v. Kentucky Utilities Co.*, 636 F.2d 1131, 1134 (6th Cir. 1980); *see also Wade v. Knoxville Utilities Bd.*, 259 F.3d 452, 458 (6th Cir. 2001).

The party opposing the amendment has the burden of demonstrating that it would be prejudicial. *See Duggins*, 195 F.3d at 834*; Moore*, 790 F.2d at 562. In determining whether the nonmoving party will suffer undue prejudice, courts "consider whether the assertion of the new claim or defense would: require the opponent to expend significant additional resources to conduct discovery and prepare for trial; significantly delay the resolution of the dispute; or prevent the plaintiff from bringing a timely action in another jurisdiction." *Phelps v. McClellan*, 30 F.3d 658, 662–63 (6th Cir. 1994). "Prejudice does not exist, however, simply because allowing the amendment would force the opposing party to defend against a new or better-pleaded claim." *Conway v. Portfolio Recovery Assocs., LLC*, No. CV 13-07-GFVT, 2014 WL 12862199, at *2 (E.D. Ky. Oct. 30, 2014).

### B. Whether to Allow Davis Electronics' Motion for Leave to Amend

The Court finds that Defendants have not met their burden of showing why Davis Electronics' proposed amended complaint should be rejected because none of the factors supporting denial are present. *See Foman v. Davis*, 371 U.S. 178, 182 (1962) ("In the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, [or] . . . undue prejudice to the opposing party by virtue of allowance of the amendment—the leave sought should, as the rules require, be 'freely given'"). First, in considering the alleged delay, Davis Electronics filed its motion in accordance with the Court's applicable scheduling deadline. Judge Lindsay initially entered a scheduling order that required "any motions for joinder of parties or amendment of pleadings [to] be filed no later than November 15, 2020." DN 16 at 2. This deadline was later extended to January 15, 2021. DN 20 at 2. Prior to the expiration of the January 15 deadline, though, Judge Lindsay entered an order that stayed "[a]ll pending deadlines in this matter . . . pending further order from the Court" because of ongoing

discovery issues related to Davis Electronics' "difficulty in obtaining responses to its discovery requests." DN 23 at 1-2.

Although it is true that Davis Electronics' motion for leave to amend was filed after the deadline listed in the Court's second scheduling order, Judge Lindsay's December 2020 scheduling order, which stayed the deadlines for amendments of pleadings and joinder of parties, is controlling. *See Harris v. Wells Fargo,* No. 18-2400-JPM-DKV, 2019 WL 11583478, at *1 (W.D. Tenn. Feb. 20, 2019) (quoting *Leary v. Daeschner*, 349 F.3d 888, 909 (6th Cir. 2003) ("Although Rule 15(a) instructs courts to 'freely give leave [to amend] when justice so requires,' a Rule 16(b) scheduling order 'controls the course of the action . . . .'"). Thus, the concerns outlined above about how delay may cause prejudice to the opposing party are not at issue because Davis Electronics' motion for leave to amend, which was filed on January 18, complied with the Court's applicable scheduling order and the parties still have ample time to conduct discovery.

Second, the Court is satisfied that Defendants had adequate notice in this case. Springer Capital and SC Echo Associates do not assert that they were unaware of the factual allegations and claims articulated in the proposed amended complaint. Likewise, the Response fails to proffer any argument or evidence that the claims asserted against Greenwood and Brookside Properties do not comply with the Federal Rules of Civil Procedure or the Court's scheduling order. Therefore, there is no prejudice based on lack of notice because Defendants failed to demonstrate that they would be unduly surprised by Davis Electronics' amendments and each amendment asserts a claim that arises out of the conduct, transaction, or occurrence set out—or attempted to be set out—in the Complaint.

Third, Defendants' Response does not demonstrate that Springer Capital, SC Echo Associates, Greenwood, or Brookside Properties would be required to spend significant additional

resources if the proposed amended complaint was allowed. Springer Capital, SC Echo Associates, and Brookside Properties do not address this factor whatsoever. However, Greenwood argues that the proposed amended complaint prejudices him because he would be required to expend substantial resources defending a claim that cannot be asserted against him since he acted in the scope of his "corporate position." DN 32 at 1-2. But this is perfunctory. Greenwood does not state that the claims asserted against him are futile or support his contentions regarding an inability to "pierce the corporate veil" with any legal authority. Further, it is unlikely that Greenwood would be required to expend *significant* resources conducting discovery or preparing for trial because conspicuous factual overlap exists between the claims asserted against him and the other Defendants. Thus, in light of Rule 15's liberal amendment policy and underlying principle that cases should be tried on their merits rather than the technicalities of the pleadings, as well as an absence of any authority to support Greenwood's arguments, the Court concludes that Defendants will not have to spend significant additional resources defending the claims within the proposed amended complaint.

Fourth, Defendants have not identified how the proposed amended complaint could significantly delay resolution of the dispute. Although it is true that the proposed amended complaint seeks to add claims and additional parties, the record reveals that this case is still in its infancy—discovery remains ongoing because of lingering disputes, and neither Springer Capital nor SC Echo Associates have moved to dismiss. Therefore, Davis Electronics' proposed amendments would not prejudice Defendants' ability to timely resolve the cause of action.

Finally, Defendants do not offer any substantive arguments in opposition of adding Gar Davis and Theresa Davis as plaintiffs. Defendants argue that the Court should not permit these individuals to join the action because "the basis for granting leave to amend has not been satisfied"

6

considering the information that forms the bedrock of their claims was known at the time the Complaint was filed. DN 32 at 3. But this is not a relevant consideration for whether "justice so requires." Further, Defendants failed to provide the Court with any authority to support the proposition that joinder is sought in bad faith or would be prejudicial. Therefore, it is proper to join Gar Davis and Theresa Davis as plaintiffs in this action because Defendants failed to show that they would suffer undue prejudice or that the proposed amended complaint violated the Court's applicable scheduling order.

Accordingly, justice is served by allowing Davis Electronics' proposed amended complaint because the delay here was short and Defendants have failed to demonstrate disadvantage or prejudice.

### III. CONCLUSION

For the reasons discussed herein, Davis Electronics' motion for leave to file an amended complaint will be granted by separate order.

April 9, 2021

Charles R. Simpson III, Senior Judge
United States District Court