UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION
CIVIL ACTION NO.  3:20-CV-00038-CRS-CHL

DAVIS ELECTRONICS CO., INC., et al.,                                    Plaintiffs,

v.

SPRINGER CAPITAL, LLC, et al.,                                    Defendants.

<u>MEMORANDUM OPINION AND ORDER</u>

Before the Court are: (1) the Motion to Compel and for Sanctions filed by Plaintiff Davis

Electronics Co., Inc. ("Davis Electronics") (DN 40); (2) the Motion to Strike Plaintiff's Late

Damages Expert filed by Defendants Springer Capital, LLC ("Springer") and SC Echo Associates,

LLC ("SC Echo") (DN 68); and (3) the Motion for Scheduling and Status Conference filed by

Davis Electronics and Plaintiffs Gar and Theresa Davis (DN 87).  Responses and replies were filed

to Davis Electronics' Motion to Compel and for Sanctions and to the Motion to Strike Plaintiff's

Expert filed by Springer and SC Echo.  (DNs 43, 49, 71, 72, 79.)  No responses were filed to

Plaintiffs' Motion for Scheduling and Status Conference, and the time to respond has expired.

Therefore, these matters are ripe for review.

I.      FACTUAL AND PROCEDURAL BACKGROUND

This matter involves water damage to Plaintiffs' property allegedly caused by construction

and renovations on Defendants' neighboring properties.  Davis Electronics initially filed suit

against Springer and SC Echo alleging that renovations those entities performed to their residential

apartment complex, the Views at Crescent Hill ("the Views"), between approximately 2016 and

2019 changed the drainage such that water runoff damaged Davis Electronics' property, which is

downhill from the Views.  (DN 1-3, at PageID # 23.)  In particular, Davis Electronics alleged that

the Views' renovations and what it characterized as "intentional diversion" of drainage caused damage to Davis Electronics' building including "a sinking foundation, wall damage, water spots, water damaged carpet, and pavement cracks and irregularities" (*Id.* at 25.)

Davis Electronics served its first set of interrogatories and requests for production of documents upon Springer and SC Echo on July 21, 2020. (DN 40-3.) Davis Electronics followed up regarding responses with Springer and SC Echo's counsel on August 26, 2020, when responses were not received. (DN 40-4.) Davis Electronics ultimately granted Springer and SC Echo an extension of time to respond to discovery through September 9, 2020. (*Id.*; DN 40-5.) Davis Electronics again followed up on September 16, 2020, when it had still not yet received Springer and SC Echo's discovery responses. (DN 40-6.) Davis Electronics received no response to its follow up. (DN 40-1, at PageID # 288.)

On September 24, 2020, Davis Electronics filed a motion to compel Springer and SC Echo to respond to its discovery requests. (DN 17.) The Court denied this motion without prejudice because Davis Electronics had not requested a conference with the Court prior to filing the motion as required by the Court's scheduling order. (DN 18.) The Court then set a status conference with the Parties to discuss the dispute underlying the motion. (DN 19.) After that conference, the Court directed Springer and SC Echo to produce their responses and responsive documents no later than October 27, 2020. (DN 20.) Springer and SC Echo ultimately served their discovery responses on October 23, 2020. (DNs 21, 40-11.) Davis Electronics indicated in its motion to compel that the initial production it received consisted of only 250 pages of documents and contained no emails or other communications and no contracts. (DN 40-1, at PageID # 288.) Davis Electronics represented that this production "consisted of only nine documents, mostly consisting of two lengthy Property Condition Assessments." (*Id.* at 302.)

On October 29, 2020, Davis Electronics sent a deficiency letter to Springer and SC Echo's counsel indicating that in its view "numerous responsive documents [ ] were withheld, especially communications." (DN 40-7.) Davis Electronics emphasized that Springer and SC Echo's initial discovery responses were accompanied by only nine documents, none of which were emails, letters, text messages, or any other form of communications. (*Id.*) Davis Electronics requested that Springer and SC Echo supplement their answers to Interrogatory Nos. 15 and 18 and Request for Production Nos. 10, 11, 12, and 15. (*Id.*) Davis Electronics also requested a copy of the management contract between Springer and/or SC Echo and Brookside Properties, Inc. ("Brookside"), who it believed to be managing the Views. (*Id.*) Springer and SC Echo did not respond to the deficiency letter. (DN 40-1, at PageID # 288.)

On November 6, 2020, Davis Electronics issued a subpoena to Brookside seeking certain documents related to the allegations in the Complaint. (*Id.* at 289.) Brookside ultimately produced the Managing and Leasing Agreement between SC Echo and Brookside and "information on renovations of [the Views], including quotes, proposals[,] and budgets." (*Id.*) Brookside also produced only "limited communications between Brookside, Springer, and SC Echo," namely "less than [ten] emails." (*Id.*)

The Court set an additional discovery conference for December 9, 2020, at the request of Davis Electronics to discuss the sufficiency of Springer and SC Echo's discovery responses. (DNs 22, 23.) During the call, the Court observed that it did not appear that discovery was progressing according to the Rules of Civil Procedure and directed Springer and SC Echo to make all efforts to comply with their discovery obligations. (DN 23.) The Court ordered the Parties to meet and confer regarding the outstanding disputes and set a video status conference for January 19, 2021, for which it required party representatives from Davis Electronics, Springer, and SC Echo to

personally appear.  (*Id.*)  The Court also directed the Parties to file a joint status report no later than January 12, 2021, regarding the status of discovery and whether there were any outstanding issues the Court still needed to address.  (*Id.*)  The Court emphasized that it hoped the Parties would be able to resolve any remaining disputes without additional assistance from the Court and that, if so, the upcoming video conference could be remanded.  (*Id.*)

On January 7, 2021, Davis Electronics followed up with Springer and SC Echo regarding a response to its deficiency letter and any supplemental discovery.  (DN 40-9.)  Davis Electronics advised that it would like to receive any supplemental discovery in advance of filing the Parties' joint status report on January 12.  (*Id.*)  In response, Springer and SC Echo served supplemental answers to Interrogatory Nos. 2, 9, 11, 15, and 18, and supplemental responses to Request for Production Nos. 8, 10, 11, 12, and 15.  (DN 43-6, at PageID # 486-91; DN 24; DN 40-10.)  The supplemental responses were accompanied by "sixty pages of documents" that included the Managing and Leasing Agreement with Brookside that Davis Electronics had already received from Brookside itself and eight emails/email chains.  (DN 40-1, at PageID # 290.)  The documents were "merely duplicative of what Brookside had produced."  (*Id.*)

Given the overlap with Brookside's production, on January 11, 2021, Davis Electronics reached out to Springer and SC Echo via email requesting information on how the search for responsive communications was conducted, including "which email addresses [were] searched, any search terms that were used, and how [Springer and SC Echo] recovered deleted emails."  (DN 40-10.)  Of the lack of emails produced, Davis Electronics stated that it "refuse[d] to believe that a significant renovation and the management of the property over five years resulted in less than ten emails total."  (*Id.*)

On January 12, 2021, the Parties filed competing status reports in lieu of the joint status report ordered by the Court. (DNs 26, 27.) The Parties indicated that they still significantly disagreed about the sufficiency of Springer and SC Echo's discovery responses. (DNs 26, 27.) They also indicated that the deposition of Thomas Greenwood, III ("Greenwood")—a member of Springer and SC Echo—and Springer's corporate representative was scheduled for January 27, 2021. (DNs 26, 27.)

On January 15, 2021, Springer and SC Echo served their second supplemental discovery responses, supplementing their response to Request for Production No. 10. (DN 43-6, at PageID # 492-95; DN 28.) The production was accompanied by "approximately thirty documents, including [five] email chains and relevant attachments that were previously unproduced." (DN 40-1, at PageID # 290.) On January 18, 2021, the day before the video status conference with the Court, Springer and SC Echo served their third supplemental discovery responses, supplementing their response again to Request for Production No. 10 with additional emails. (DN 43-6, at PageID # 496-99; DN 30.)

On January 19, 2021, the Court held a video status conference with counsel and party representatives. (DN 31.) The Court emphasized that Davis Electronic should not still be working to obtain satisfactory response to discovery served in July 2020 and that it was troubling that Springer and SC Echo were producing responsive documents as recently as the day before the hearing. (*Id.*) The Court explained in detail Springer and SC Echo's discovery obligations to Greenwood, their party representative at the conference, and directed counsel to have a two-day virtual meeting with Greenwood to go line-by-line through Springer and SC Echo's previous discovery responses and document production and supplement as necessary. (*Id.*) Because of the previous difficulties in discovery, the Court required that the responses to Davis Electronics'

requests for production be verified. (*Id.*) The Court set a deadline for Springer and SC Echo to supplement their responses as necessary and a deadline for Davis Electronics to file a motion to compel if it still believed there were problems with the supplemental responses. (*Id.*)

Springer and SC Echo served their fourth supplemental responses on February 9, 2021. (DN 43-6, at PageID # 500-14; DN 34.) The responses were accompanied by approximately 400 additional pages of documents, "[a]bout 200 pages [of which] were broken up Excel Spreadsheets detailing the contractor, work and price of the renovations, but with no supporting invoices, contracts or evidence of payment for this work." (DN 40-1, at PageID # 291.) The production also included pictures that Davis Electronics had sent to Springer and SC Echo and the operating agreements for the relevant entities. (*Id.*) The supplemental production did not include any e-mails. (*Id.*) Springer and SC Echo also filed a Statement of Compliance with Court's Discovery Order of January 21, 2021, in which they represented that they met over the course of four days and went "back over the prior discovery responses, line by line, to attempt to ensure that the discovery was answered within the perimeters of the Court's Order." (DN 33.)

The Parties proceeded to take the depositions of Greenwood and corporate representatives of Springer and SC Echo. (DN 40-1, at PageID # 294.) Greenwood was designated by both Springer and SC Echo to serve as their corporate representative. (*Id.* at 295.) While the Parties were scheduled to take the deposition of both Greenwood individually and as a corporate representative of Springer on February 16, 2021, Davis Electronics' counsel viewed Greenwood in his individual deposition as "playing games with regard to his answers," and counsel "terminated the deposition pending an opportunity to address the matter with the Court." (*Id.* at 297.) The Parties did not take the deposition of Greenwood as Springer's corporate representative given this disagreement. The Parties did proceed to take the deposition of Greenwood as the

corporate representative of SC Echo on February 17, 2021, but again, Davis Electronics' counsel terminated the deposition based on perceived deficiencies in Greenwood's preparations and what he viewed as inappropriate behavior by SC Echo's counsel during the deposition. (*Id.* at 297-99.) Davis Electronics raised these issues with the Court during the February 24, 2021, status conference in this matter and indicated that it was still unsatisfied with Springer and SC Echo's discovery responses and document production. (DN 38.)  In light of the failure to reach any compromise during the call on the issues related to the depositions, the Court granted Davis Electronics leave to include those issues in the motion to compel it had previously granted Davis Electronics leave to file. (*Id.*)  Davis Electronics then filed the instant motion to compel and for sanctions based on both the issues with written discovery and depositions. (DN 40.)

Subsequent to the filing of Davis Electronics' motion, on April 12, 2021, the Court granted Davis Electronics leave to amend its Complaint to add Gar and Theresa Davis, the owners of the building occupied by Davis Electronics, as additional Plaintiffs and Greenwood and Brookside as Defendants. (DN 47.)  The Parties did not request any changes to the schedule after the new parties answered the Amended Complaint.  As such, the scheduling order was not amended.

## II.     DISCUSSION

The Parties' respective briefs focus more on convincing the Court of the opposing party's contumacious conduct and ignominious behavior than on the actual substance of the discovery Davis Electronics claims to have not yet received.  Likewise, the deposition transcripts and tendered correspondence between the Parties' counsel demonstrate a level of contentiousness with each other that has undoubtedly exacerbated the disputes presently before the Court for resolution. As evidenced by the "meet and confer" obligations in Rule 26, discovery is a *cooperative effort*:

> [C]ompliance with the "spirit and purposes" of the[ ] discovery rules requires
> cooperation by counsel to identify and fulfill legitimate discovery needs, yet avoid

> seeking discovery the cost and burden of which is disproportionally large to what is at stake in the litigation. Counsel cannot "behave responsively" during discovery unless they do both, which requires cooperation rather than contrariety, communication rather than confrontation.

*Mancia v. Mayflower Textile Servs. Co.*, 253 F.R.D. 354, 357-58 (D. Md. 2008). The Parties and their counsel have lost sight of these threshold principles. Accordingly, all Parties are instructed not to permit past frustration to impede further progress in this action after these pending motions are addressed in the instant memorandum opinion and order.

### A.    Davis Electronics' Motion to Compel and for Sanctions (DN 40)

Davis Electronics requested: (1) an order compelling Springer and SC Echo to respond fully to Interrogatory Nos. 13, 15, and 18 and Request for Production Nos. 7, 8, 9, 10, 12, 14, and 15; (2) an order directing Defendants to "cease further evasive answers at depositions" and to reconvene the depositions of Greenwood in his individual capacity and as corporate representative of SC Echo; (3) an order directing Defendants to "adequately prepare the corporate representatives to be deposed"; and (4) attorney's fees and costs incurred in preparing the instant motion, drafting deficiency letters, and obtaining the outstanding discovery including for the time spent preparing for and attending multiple status conferences. (DN 40, at PageID # 280; DN 40-1, at PageID # 283-84, 304, 306.) The Court will separately address Davis Electronics' requests regarding written discovery, depositions, and costs and fees below.

### 1.    Written Discovery

Davis Electronics claimed that it has received insufficient responses to Interrogatory Nos. 13, 15, and 18 and Request for Production Nos. 7, 8, 9, 10, 12, 14, and 15 and requested that the Court compel Springer and SC Echo to make complete responses to these written discovery requests. (DN 40-1, at PageID # 283-84.) Springer and SC Echo assert that they "have in good faith complied with the Court's Order relating to the Production of Documents and things

requested." (DN 43, at PageID # 402.) Curiously, Davis Electronics attached only Springer and SC Echo's initial discovery responses to its motion. (DN 40-11.) While these responses were patently deficient given their content and the above procedural history, the multiple supplemental answers served by Springer and SC Echo are relevant to determining whether those entities have now complied with their discovery obligations. Springer and SC Echo tendered their supplemental responses for the Court's review. (DN 43-6.)

Fed. R. Civ. P. 26(b) governs the scope of discovery. Fed. R. Civ. P. 26(b)(1) provides that "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case . . . ." Fed. R. Civ. P. 26(b)(1). This language is broadly construed by the federal courts to include "any matter that bears on, or that reasonably could lead to other matter[s] that could bear on, any issue that is or may be in the case." *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978). "When faced with questions over, or disputes about, what information or documents may be obtained based on their relevancy, it is axiomatic that the trial court is afforded broad discretion to determine the boundaries of inquiry." *Janko Enters. v. Long John Silver's, Inc.*, No. 3:12-cv-345-S, 2013 WL 5308802, at *2 (W.D. Ky. Aug. 19, 2013) (citing *Chrysler Corp. v. Fedders Corp.*, 643 F.2d 1229, 1240 (6th Cir. 1981)). When an objection to relevance is raised or the relevance of the information sought is not apparent, the party seeking discovery must demonstrate that the requests are relevant to the claims or defenses in the action. *Anderson v. Dillard's, Inc.*, 251 F.R.D. 307, 309-10 (W.D. Tenn. 2008). Otherwise, a party resisting discovery bears "the burden to establish that the material either does not come within the scope of relevance or is of such marginal relevance that the potential harm resulting from production outweighs the presumption in favor of broad disclosure." *Invesco Institutional (N.A.), Inc. v. Paas*, 244 F.R.D. 374, 380 (W.D. Ky. 2007). *See also Lillard v. Univ.*

*of Louisville*, No. 3:11-CV-554-JGH, 2014 WL 12725816, at *6 (W.D. Ky. Apr. 7, 2014). However, either on motion or on its own, the Court must limit discovery that is unreasonably cumulative or duplicative; that can be obtained from another "more convenient, less burdensome, or less expensive" source; that the seeking party has had ample opportunity to obtain; or that is outside the scope permitted by Fed. R. Civ. P. 26(b)(1).  Fed. R. Civ. P. 26(b)(2)(C).

Fed. R. Civ. P. 33 governs interrogatories and Rule 34 governs requests for production of documents.  Fed. R. Civ. P. 33-34.  Rule 33(b)(3) requires the responding party to answer each interrogatory separately and under oath to the extent the responding party does not object to the interrogatory.  Fed. R. Civ. P. 33(b)(3).  Similarly, Rule 34(b)(2)(B) requires a response to a document request to "either state that inspection and related activities will be permitted as requested or state with specificity the grounds for objecting to the request, including the reasons," and Rule 34(b)(2)(C) requires any objection to "state whether any responsive materials are being withheld . . . ."  Fed. R. Civ. P. 34(b)(2)(B)-(C).  Rules 33 and 34 are structured such that, in combination with Rule 26(g)(1), both the requesting party and the court may be assured that all responsive, non-privileged materials are being produced, except to the extent a valid objection has been made. *Heller v. City of Dall.*, 303 F.R.D. 466, 487 (N.D. Tex. 2014) (quoting *Evans v. United Fire & Cas. Ins. Co.*, No. 06-6783, 2007 WL 2323363, at *2 (E.D. La. Aug. 9, 2007)).  A party who believes these rules have been violated "may move for an order compelling disclosure or discovery" provided that the party certifies to the Court that it "has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action."  Fed. R. Civ. P. 37(a)(1); *see id.* at (a)(3)(B)(iii)-(iv) (providing that a party may move to compel answers to interrogatories propounded under Rule 33 or responses to requests for production propounded under Rule 34).

a)    **Interrogatory No. 13**

**INTERROGATORY NO. 13:** Please state the name and contact information for each engineer and contractor SC Defendants consulted or hired to provide opinions or works [*sic*] on the renovations of The Views at Crescent Hill.

**ANSWER:** Objection, this Interrogatory does not apply to Springer Capital, LLC, but rather, SC Echo Associates, LLC. Without waiving said objection, see attached documents.

**SUPPLEMENTAL ANSWER:**    These Defendants adhere to the Answer previously given and more specifically, references Plaintiffs to bate-stamped documents 000003 - 000099 of Partners Engineering; 000100 - 000185, EBI; Mr. Roof bate-stamped documents 000001 - 000002; Response Team One bate-stamped documents 000186 - 000189; Diamond Landscaping bate-stamped documents 000192 - 000193 and 000258, and bate-stamped documents 000303 - 00313 and 000322 - 000325.

(DN 40-11, at PageID # 374-75; DN 43-6, at PageID # 505-06.)  Springer and SC Echo claim that the requested information is provided in the documents noted in its supplemental answer.  (DN 43, at PageID # 400.)  Though Davis Electronics did not specifically address any deficiencies in this response in its initial motion, in its reply, Davis Electronics argued that public records demonstrate that additional contractors not identified in the documents to which it was directed by the supplemental answer worked on the Views.  (DN 49, at PageID # 543; DN 49-1.)  While Fed. R. Civ. P. 33(d) provides that an interrogatory may be answered by directing the requesting party to the appropriate documents, in view of the evidence proffered by Davis Electronics regarding the potential existence of other engineers and/or contractors, the motion is **GRANTED** as to Interrogatory No. 13.  Springer and SC Echo shall review the exhibit proffered by Davis Electronics and make an additional search for responsive names and contact information.  Upon completing that search, Springer and SC Echo shall supplement their answer with any new information or a representation that despite their diligent search, they uncovered no additional responsive information.

b)        **Interrogatory Nos. 15, 18 and Request for Production No. 15**

**INTERROGATORY NO. 15:** Identify all communications between SC Defendatns [*sic*], or between SC Defendants and any individual who was contracted to work on The Views at Crescent Hill, or was consulted regarding The Views at Crescent Hill, regarding the renovations, including but not limited to surface drainage, roof gutter drainage, alteration of surface water drainage, or alterations to the curbs of the property[,] curb heights[,] or curb damage on the parking lot. This request includes the identification of the date of each such communication; the parties to each such communication; the method of each such of communication (i.e., telephone call, e-mail, verbal, etc.); the substance of each such communication; and the documents memorializing each such communication.

**ANSWER:** See objection and answer to Interrogatory No. 13 and No. 14. These Defendants do not have records of any telephone calls or recollections of verbal conversations relating to these areas other than where work was necessary as indicated by the attached documents, there obviously must have been communications between the contractors and the individuals managing the actual work performed. To the extent such additional documents are located, this Interrogatory answer will be supplemented.

**SUPPLEMENTAL ANSWER:**  This Defendant stands by its answer to Interrogatory No. 15 originally pled. Without waiving this objection, and its prior answer, this Defendant attaches the only emails it possesses from August of 2016, and emails beginning in October of 2019 relating to the circumstance surrounding this litigation. This Defendant asserts that any communications generated after November 13, 2019 would have been generated in anticipation of litigation as that is the date the Plaintiff through its legal counsel threatened litigation. As such, all other emails, etc., thereafter would have been work product and/or attorney/client privilege. This Defendant further states that recently documents were produced by the Third Party Management Company, Brookside Properties, Inc., which may contain additional documents responsive to this Interrogatory, and this Defendant, without waiving the objections herein, direct Plaintiff to such documents produced by Brookside Properties, Inc., which this Defendant does not have possess [*sic*] of, or which have not already been produced.

**SECOND SUPPLEMENTAL ANSWER:**  These Defendants stand by their original Answer and Supplemental Answer to this Interrogatory and incorporate that Answer herein by reference. Without waiving that prior Answer these Defendants state that there were often telephone calls by and between the entities mentioned in Interrogatory No. 15, but no such phone logs or other such documents exist other than the emails which have been produced, along with spreadsheets and timelines for various stages of the project, which also have been produced in the Requests for Production of Documents.

(DN 40-11, at PageID # 375-76; DN 43-6, at PageID # 489, 506-07.)

**INTERROGATORY NO. 18:** Identify all communications between SC Defendants, or their member, employees or any individual acting on SC Defendants behalf, and Plaintiff regarding the renovations of The Views at Crescent Hill, or any surface drainage issues, roof drainage systems, alteration of surface water drainage or alterations to the curbs of the property including the identification of the date of each such communication; the parties to each such communication; the method of each such of communication (i.e., telephone call, e-mail, verbal, etc.); the substance of each such communication; and the documents memorializing each such communication.

**ANSWER:** These Defendants will supplement this Interrogatory answer to the extent any additional documents not heretofore provided exist.

**SUPPLEMENTAL ANSWER:**  See answer to Interrogatory No. 15 above.

**SECOND SUPPLEMENTAL ANSWER:**  See answer to Interrogatory No. 15 above.

(DN 40-11, at PageID # 377; DN 43-6, at PageID # 489, 507-08.)

**REQUEST FOR PRODUCTION NO. 15:** Produce all communications identified by Defendants in their answer to Interrogatory No. 15.

**RESPONSE:** See answer to Interrogatory No. 15.

**SUPPLEMENTAL RESPONSE:**  See Supplemental Answer to Interrogatory Nos. 10 and 12 above.

**SECOND SUPPLEMETAL RESPONSE:**  These Defendants adopt its [*sic*] prior Response to this Request and their Answer to Interrogatory No. 15 above.

(DN 40-11, at PageID # 382; DN 43-6, at PageID # 490, 513.)

With regard to Interrogatory No. 15, Springer and SC Echo claimed that the renovations were handled by Brookside and that "comprehensive bid sheets, scope of work, budgets, completion schedules, completed dates, revisions, and notes for itemized work performed or to be performed or change orders were all provided . . . in the [ ]Bate-Stamped Documents 000380-000576." (DN 43, at PageID # 400-401.)  This response ignores that this interrogatory asked for the identification of *communications*, not the bid sheets, budgets, etc.  As to Interrogatory No. 18,

Springer and SC Echo claimed nothing would have been generated because Plaintiffs "never contacted, complained about, wrote, emailed, or called Tom Greenwood at any point for over one and a half years until late 2019. Therefore, there would have been nothing generated because there were no other written or verbal complaints about the drainage issues to generate communications." (*Id.* at 401.)

Davis Electronics argued that Greenwood's deposition testimony evidences that the search for responsive communications was deficient. (DN 40-1, at PageID # 291; DN 49, at PageID # 543-47.) It cited in support to his testimony regarding how he searched for emails and that he did not search for phone records. (DN 40-1, at PageID # 291; DN 49, at PageID # 543-47.) However, the Court reads Greenwood's deposition testimony to evidence a broader search than characterized by Davis Electronics. Greenwood testified that in responding to written discovery, he "reviewed emails, text messages, and any documents related to the property," as well as voicemails, paper records, and electronic records. (DN 43-3, at PageID # 419, 421.) He testified that any text messages he or his business partner reviewed were sent in the bates-stamped documents. (*Id.* at 419.) He testified that after the hearing with the Court, he "was trying to provide everything humanly possible." (*Id.* at 421.) When asked if he reviewed his cell phone bill in connection with responding to discovery, he stated that he did not review it or the "phone records for his office line"; instead, he reviewed any call history he had access to on his phone. (*Id.* at 422-23.) Regarding his search for emails specifically, Greenwood testified that he went through the server and "produced every email related to SC Echo" and went through them with counsel. (DN 43-5, at PageID # 457.) He testified he did not have a record of his search terms but that he "searched every which way from Sunday on several occasions." (*Id.* at 460.) He also indicated that he

"didn't have that many emails," and he "just scrolled through all the e-mails too" such that he "didn't even necessarily need search terms." (*Id.*)

Davis Electronics argued that it was error for Greenwood to unilaterally determine the scope of the search "without direction from Counsel."[1]  (DN 40-1, at PageID # 303.)  While Fed. R. Civ. P. 33 and 34 require the party to whom the requests are directed to respond to interrogatories or requests for production of document, Fed. R. Civ. P. 26(g) requires at least one attorney of record to sign any responses.  Fed. R. Civ. P. 33(b)(1), 34(b), 26(g).  The signature is a certification that

> to the best of the person's knowledge, information, and belief formed after a reasonable inquiry:
> (B) with respect to a discovery request, response, or objection, it is:
> > (i)   consistent with these rules and warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law, or for establishing new law;
> > (ii)   not interposed for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; and
> > (iii)   neither unreasonable nor unduly burdensome or expensive, considering the needs of the case, prior discovery in the case, the amount in controversy, and the importance of the issues at stake in the action.

Fed. R. Civ. P. 26(g)(1)(B).  The import of this provision is that while there is nothing wrong with permitting one's client to participate and supervise the gathering of documents responsive to discovery requests, "trial counsel must exercise some degree of oversight to ensure that their client's employees are acting competently, diligently and ethically in order to fulfill their responsibility to the Court."  *Bratka v. Anheuser-Busch Co.*, 164 F.R.D. 448, 461 (S.D. Ohio 1995).  This is true whether the discovery at issue is electronically stored information or more

---

[1] Davis Electronics also argued that Greenwood's search was deficient because he did not search "back-up tapes." (DN 40-1, at PageID # 303.)  The Court is without sufficient information to assess this claim because Davis Electronics provided no description of the system at issue sufficient for the Court to conclude that such tapes even exist, let alone to weigh the burden of searching them.

traditional paper documents. *Brown v. Tellermate Holdings Ltd.*, No. 2:11-CV-1122, 2014 WL 2987051, at *2 (S.D. Ohio July 1, 2014), *adopted as modified,* 2015 WL 4742686 (S.D. Ohio Aug. 11, 2015) ("Counsel still have a duty (perhaps even a heightened duty) to cooperate in the discovery process; to be transparent about what information exists, how it is maintained, and whether and how it can be retrieved; and, above all, to exercise sufficient diligence (even when venturing into unfamiliar territory like ESI) to ensure that all representations made to opposing parties and to the Court are truthful and are based upon a reasonable investigation of the facts."). In other words, counsel has a "duty to make a reasonable investigation to assure that their clients have provided all available responsive information and documents." *Bernal v. All Am. Inv. Realty, Inc.*, 479 F. Supp. 2d 1291, 1333 (S.D. Fla. 2007).  While the client may participate in gathering documents, whether particular documents are relevant to a discovery request is a question for counsel. *See, e.g.*, *H Guys, LLC v. Halal Guys Franchise, Inc.*, No. 19 C 4974, 2020 WL 3578026, at *5 (N.D. Ill. July 1, 2020).  Based on the Court's review of the deposition testimony and the relevant filings, Davis Electronics has not demonstrated any violation of Rule 26(g).  The discovery efforts were supervised, as directed by the Court in its January 22, 2021, Order (DN 31), by counsel, and counsel was involved in the selection of what documents were ultimately produced.

Regarding the e-mail communications, Davis Electronics' position amounts largely to a contention that additional e-mails must exist given the large time period at issue and the nature of the issues, and, therefore, Springer and SC Echo's production must be deficient.  In discovery, one party will often claim that the production made by the other party is "so paltry that there must be more that has not been produced or that was destroyed." *Hubbard v. Potter*, 247 F.R.D. 27, 29 (D.D.C. 2008); *see also In re Lorazepam & Clorazepate Antitrust Litig.*, 219 F.R.D. 12, 17 (D.D.C.

2003) ("The federal courts are often confronted with a party's complaint that its opponent must have documents that it claims not to have.").   Ordinarily the representation of the responding party's attorney that no additional documents exist "is sufficient to defeat a motion to compel absent credible evidence that the representation is inaccurate." *Snyder v. Fleetwood RV, Inc.*, No. 2:13-cv-1019, 2016 WL 339972, at *6 (S.D. Ohio Jan. 28, 2016); *see also Averill v. Gleaner Life Ins. Soc.*, 626 F. Supp. 2d 756, 766 (N.D. Ohio 2009); *Anderson*, 251 F.R.D. at 310; *MRM Rest. Grp., LLC v. Frontline Ins. Unlimited Co.*, 3:20cv1872-MCR-HTC, 2020 WL 5881050, at *3 (N.D. Fla. May 29, 2020) (citing *Harris v. Koenig*, 271 F.R.D. 356, 370 (D.D.C. 2010)).   Credible evidence is more than mere speculation that additional discovery exists.  *Snyder*, 2016 WL 339972, at *6; *Hubbard*, 247 F.R.D. at 29.   The moving party must demonstrate that the documents previously produced "permit a reasonable deduction that other documents may exist or did exist and have been destroyed." *Hubbard*, 247 F.R.D. at 29 (citing *Zubulake v. UBS Warburg LLC*, 217 F.R.D. 309, 313 (S.D.N.Y. 2003)).   Credible evidence might include presentation of responsive, but withheld, documents that the moving party obtained from another source or testimony demonstrating knowledge of the existence of responsive documents.  *See id.* (collecting cases).  Here, Davis Electronics has proffered no such evidence and instead merely proffered its disbelief that so few emails accumulated "despite a five year working relationship including a complete renovation of the property at issue."[2]  (DN 40-1, at PageID # 290.)  While the Court understands Davis Electronics' concern, given the representation in discovery above that much of the renovations were handled by Brookside and that multiple telephone conversations occurred, Davis

---

[2] Davis Electronics takes as a given that it is entitled to *all* emails regarding renovations to the property, not just emails related to drainage issues or other renovations that affected how water flowed through the property.  The Court is highly skeptical of this idea as it is unclear how all renovations are relevant to Davis's claims.  If Springer, EC Echo, and/or Brookside had exchanged emails regarding what color paint to use or what type of flooring to install, those topics, as well as many conceivable topics with the broad category of "renovations," would not be relevant to Davis Electronics' claims in the instant case.  Thus, those items would not be discoverable.

Electronics has not demonstrated more than a mere speculation that other documents exist or have been destroyed. Without specific evidence to utilize as a jumping off point, it is unclear what this Court could ask Springer and SC Echo to do that it has not already done in terms of gathering responsive emails.

Regarding the phone bills and/or call logs, given the representations in the responses above regarding the conversations that took and/or likely took place, the call logs and/or phone bills themselves seem unlikely to provide any useful information about the substance of the conversations other than what is already that described in Springer and SC Echo's responses. On the other hand, examination of the call log and/or phone bills may permit Davis Electronics to delve deeper into communications patterns and/or frequency which could lead to additional relevant information about the conversations that did take place. Springer and SC Echo have offered no persuasive argument that the call logs and/or phone bills are not within their possession, custody, or control.

Accordingly, Davis Electronics' motion will be **DENIED** as to Interrogatory Nos. 15 and 18 and **GRANTED** as to Request for Production No. 15 in so far as Springer and SC Echo shall be required to produce any relevant call logs and/or appropriately redacted phone bills.

### c)       Request for Production No. 7

**REQUEST FOR PRODUCTION NO. 7:** Produce the invoices, receipts, payment records, and agreements between SC Defendants and any contractor, subcontractor, expert, or other company hired to provide work on the renovations of The Views at Crescent Hill.

**RESPONSE:** See attached documents.

**SUPPLEMENTAL RESPONSE:** Please see bate-stamped documents 000001 - 000002, 000186 - 000193, 000248 - 000269, 000303 - 000313, and 000322 - 000325, and spreadsheets being bate-stamped documents 000380 - 000573.

(DN 40-11, at PageID # 380; DN 43-6, at PageID # 511.)  Springer and SC Echo claimed these matters were set out in spreadsheets and that they "also produced all of the estimates related to renovations of the curb and parking lot along with the building by various other sub-contractors who worked on the project." (DN 43, at PageID # 401.)  Therefore, they ultimately claim this information has been produced. (*Id.*)  As with Interrogatory No. 13 above, Davis Electronics claimed that based on the public records it obtained Springer and SC Echo's documentation is missing information. (DN 49, at PageID # 547.) It also noted that the spreadsheet did not contain any supporting documentation and was not produced alongside any such documentation. (*Id.*)  It claimed that the payment records for the renovations are relevant to helping determine who funded the renovations, which will help explain the relationship between Springer and SC Echo.  (DN 40-1, at PageID # 293-94.)  The Court agrees with Davis Electronics that the spreadsheet alone is not a satisfactory response to this request.  Accordingly, Davis' Electronics' motion to compel will be **GRANTED** as to Request for Production No. 7, and Springer and SC Echo will be required to produce any supporting documentation for the spreadsheet to specifically include any invoices, receipts, and payment records as requested above, including any items related to the additional contractor(s) identified by Davis Electronics.

### d)      Request for Production Nos. 8 and 9

**REQUEST FOR PRODUCTION NO. 8:** Produce Defendant SC Echo Defendant's corporate records showing its ownership of The Views at Crescent Hill

**RESPONSE:**  Objection, these Defendants object to the same as being overly broad, invades proprietary interests, and is not reasonably calculated to lead to discoverable information. Without waiving this objection, see attached Settlement Statement for acquisition of subject property.

**SUPPLEMENTAL RESPONSE:** This Defendant stands by its prior answer to Request No. 8, attaching the settlement statement for the acquisition and ownership of the subject property.

**SECOND SUPPLEMENTAL RESPONSE:** These Defendants stand by their previous Response and upon additional inquiry reference bate-stamped documents 000195 - 000199.

(DN 40-11, at PageID # 380; DN 43-6, at PageID # 489, 511.)

**REQUEST FOR PRODUCTION NO. 9:** Produce Defendant Springer Capital, LLC's corporate records showing its relationship and investment with The Views at Crescent Hill.

**RESPONSE:** Objection, this Request is not reasonably calculated to lead to discoverable information.

**SUPPLEMENTAL RESPONSE:** These Defendants rely upon their prior Response to Request No. 9, and upon additional due diligence that Springer Capital, LLC has no corporate records showing a relationship and investment with The Views at Crescent Hill. This was simply a potential investment property as listed in their portfolio which has been referenced in prior Answers to discovery.

(DN 40-11, at PageID # 380-81; DN 43-6, at PageID # 511.)

As to Request for Production No. 8, Springer and SC Echo claimed that all requested records have been produced. (DN 43, at PageID # 402.) As to Request for Production No. 9, they again indicated that no such records exist as stated in their supplemental answer. (*Id.*) Davis Electronics argued that "[s]imply put, SC Defendants are refusing to provide discovery allowing Plaintiff to understand the relationship between these various business entities that are involved in the Views." (DN 49, at PageID # 548.) It is unclear what additional documents Davis Electronics claims or wants Springer and SC Echo to produce in response to these interrogatories other than the documents already provided and/or a statement that the same do not exist. Though Davis Electronics makes mention of Springer's website listing the Views as a potential investment property, this falls short of the type of credible evidence necessary for the Court to look behind Springer and SC Echo's responses that all documents have been produced and/or do not exist. Given the lack of specificity regarding what additional documents are missing by Davis Electronics, its motion to compel is **DENIED** as to Requests for Production Nos. 8 and 9.

e)      **Request for Production Nos. 10, 12, 14**

**REQUEST FOR PRODUCTION NO. 10:** Produce the documents including, but not limited to, correspondence, photographs, audio recordings, video recordings, social media posting, and emails, exchanged between SC Defendants relating to the ownership, renovation and drainage issues of The Views at Crescent Hill.

**RESPONSE:**   Objection, this Request is overly broad and not reasonably calculated to lead to discoverable information, attempts to invade proprietary interests. However, without waiving this objection, see the attached document.

**SUPPLEMENTAL RESPONSE:**  See attached documents affixed with these discovery answers (Bate Stamped 233 - 293), and this Defendant incorporates any documents produced by the management company, Brookside Properties, Inc., in response to Plaintiffs' Subpoena and Subpoena Duces Tecum to them.

**SECOND SUPPLEMENTAL RESPONSE:**  See attached additional documents related to the discovery answers (Bate Stamped 000294 - 000325) which include additional redacted emails relating to conversations regarding the subject controversy. The redacted portion [*sic*] are communicates [*sic*] either to or from legal counsel at the time.
    These Defendants do not waive the objection to the admissibility of these emails as evidence as they may fall within attorney/client privilege or work product.
    In addition, attached are additional photographs generated during the timeframe of this controversy involved.

**THIRD SUPPLEMENTAL RESPONSE:**  See attached additional documents related to the discovery answers (Bate Stamped 000326 - 000336) which include additional redacted emails relating to conversations regarding the subject controversy.  The redacted portion are communicates either to or from legal counsel at the time.
    These Defendants do not waive the objection to the admissibility of these emails as evidence as they may fall within attorney/client privilege or work product.

**FOURTH SUPPLEMENTAL RESPONSE:** These Defendants rely upon their Supplemental Response to Request No. 10, which included bate-stamped documents 000233 - 000293, bate- stamped documents 000248 - 000269, bate-stamped documents 000294 - 000302, bate -stamped documents 000272 - 000293, and bate-stamped documents 000315 - 000321.

(DN 40-11, at PageID # 381; DN 43-6, at PageID # 490, 494, 498, 511-12.)

**REQUEST FOR PRODUCTION NO. 12:** Produce the documents including, but not limited to, correspondence, photographs, audio recordings, video recordings, social media posting, and emails, exchanged between SC Defendants and SC

Defendants' agents, representatives, or employees relating to renovation and drainage issues of The Views at Crescent Hill.

**RESPONSE:**   Objection, this Request attempts to invade work product and attorney/client privilege, nor is it relevant nor reasonably calculated to lead to discoverable information. Without waiving this objection, no such document exists and there were no employees involved as third party management companies were used to coordinate between the contracts and the work done at the property.

**SUPPLEMENTAL RESPONSE:**   This Defendant adheres to its previous objection and without waiving this objection, references the Plaintiffs to the documents produced by the management company, Brookside Properties, Inc., to the extent that they relate to any of the drainage issues of the Views at Crescent Hill, and the attached documents hereto.

**SECNOD SUPPLEMENTAL RESPONSE:**  These Defendants refers Plaintiffs to the Responses to Request Nos. 10 and 11 above.

(DN 40-11, at PageID # 381-82; DN 43-6, at PageID # 490, 512.)

**REQUEST FOR PRODUCTION NO. 14:** Produce the documents including, but not limited to, correspondence, photographs, audio recordings, video recordings, social media posting, and emails, exchanged between SC Defendants and any engineers, contractors and agents relating to the renovation of The Views at Crescent Hill.

**RESPONSE:** No such documents exist.

**SUPPLEMENTAL RESPONSE:**  To the best of these Defendants' knowledge and belief no such correspondence, photographs, audio recordings, video recordings, social media posting, and or emails exist that were responsive to this Request other than the engineering and contractor records previously identified in bate-stamped documents above.

(DN 40-11, at PageID # 382; DN 43-6, at PageID # 513.)

As to Request for Production No. 10, Springer and SC Echo claimed all relevant documents have been produced along with "renovation documents." (DN 43, at PageID # 402.) As to Request for Production No. 14, Springer and SC Echo claimed that "there would be limited documents other than what has already been produced because those communications would be between Brookside Properties, LLC and those contractors" (*Id.*) Davis Electronics argued that responses

to these requests should "encompass emails and phone records which SC Defendants have admittedly not searched for or produced, as well as information pertaining to the contractors which have also not been fully disclosed as detailed above." (DN 49, at PageID # 548.) Its arguments are duplicative of ones disposed of above. Accordingly, for the reasons set forth above, the Court rejects Davis Electronics' argument regarding the sufficiency of production of any emails. The only other specific deficiencies Davis Electronics identified regarding Springer and SC Echo's responses to these requests were regarding phone logs/bills and the additional contractor(s)/engineer(s) not previously identified. The Court has already granted Davis's motion to compel as to these topics above. Accordingly, Davis's motion is **GRANTED** as to the instant requests only with respect to production of phone bills/logs and any documents related to newly identified contractors for the reasons set forth above.

### 2.    Greenwood Depositions

As to the deposition of Greenwood in his individual capacity and as the designated corporate representative of Springer and SC Echo, Davis Electronics requested that the Court order Springer and SC Echo to resume the deposition(s) of Greenwood in all capacities, "cease further evasive answers at depositions," and "adequately prepare the corporate representatives to be deposed." (DN 40, at PageID # 280; DN 40-1, at PageID # 284, 304-06.) Davis Electronics claimed that in depositions, Springer and SC Echo "continu[ed] their gamesmanship that had polluted the written discovery process." (DN 40-1, at PageID # 296.) Davis Electronics appears to have four main complaints with Greenwood's depositions: (1) Greenwood deferred certain answers during his individual deposition to subsequent depositions of himself in another capacity; (2) Greenwood was not adequately prepared to testify as the corporate representative of SC Echo; (3) Greenwood's answers to certain questions during his deposition as SC Echo's corporate

representative were evasive; and (4) Springer and SC Echo's counsel improperly objected during the deposition.  The Court will consider these issues below.

a)        <b>Deferral of Answers to Corporate Representative Deposition</b>

During his individual deposition, Greenwood deferred answering a number of questions asked by Davis Electronics' counsel by saying he would be "happy to answer" them during his deposition as the corporate representative of SC Echo.  (DN 43-3.)  In support of his response, Greenwood's counsel told opposing counsel at one point that he "would like to not have things mixed together."  (*Id.* at PageID # 419.)  Counsel further explained his reasoning in subsequent objections and statements during the deposition:

| | |
|---|---|
| HOVIOUS: | Has anybody that you know of spoken to Brookside Properties? |
| GREENWOOD: | I've spoken to them as an SC Echo managing member, because they are our property manager. |
| HOVIOUS: | And who was that? |
| GREENWOOD: | Jennifer Hippen. Maria – |
| HOVIOUS: | And – |
| GREENWOOD: | – Simpson. |
| HOVIOUS: | I'm sorry. Go ahead. |
| GREENWOOD: | Maria Simpson. |
| HOVIOUS: | And when did you speak to Ms. Hippen? |
| MCNEILL: | Just object to the form of the question. Again, he's indicating that that was done in his capacity of SC Echo Management - - Managers, and that's for our depositions tomorrow. I think these are related to his activities today as Tom Greenwood individually and/or as the representative of Springer Capital. So if he spoke to them as Springer Capital, you're more than welcome to ask him about all that. |
| HOVIOUS: | Are you going to answer my question, Mr. Greenwood? |
| GREENWOOD: | Can you repeat the question? |
| HOVIOUS: | I want to know if Tom Greenwood talked to Ms. Hippen. |
| MCNEILL: | Same objection. He's already told you he spoke to her in his capacity as SC Echo Managers. That deposition is set for tomorrow. If he talked to them as Springer Capital, that's fair game. |
| HOVIOUS: | I want to know if Tom Greenwood, the deponent here today, talked to Ms. Hippen and what they talked about. Are you instructing him not to answer that question, sir? |

24

MCNEILL:        I'm instructing him to answer that question solely in his capacity as Springer/SC Echo. And frankly, I don't think you're allowed to ask him about that if he did not talk to them in a capacity other than Springer Capital and/or SC Echo, because that's what he's here for today. He's not here to talk about conversations he had in his official capacity for some other entity.  You're asking questions that I think are intended to not specify in what capacity, and this is important in this lawsuit because they're different defendants in this lawsuit.

(*Id.* at 421-22.)  Ultimately, Davis Electronics' counsel suspended the deposition to file a motion to compel.  (*Id.* at 429.)  Davis Electronics' counsel stated, "This is clearly a fact witness who has refused to answer our questions today, and that's after failing or refusing to enter written – answer written discovery for upwards of six months, and we're not going to play these games."  (*Id.*)

Davis Electronics asked for leave to resume the deposition of Greenwood and that the Court "prohibit Mr. Green[wood] from refusing to answer questions by hiding behind his various roles as corporate representatives."  (DN 40-1, at PageID # 305.)  Davis Electronics argued that instead of refusing to answer, Greenwood should have clearly stated in response to any question that "he was providing the answer based on knowledge he had as a representative of a specific defendant and not personal knowledge or his counsel could state an objection and permit the testimony to be given subject to the objection."  (DN 49, at PageID # 551.)  In response, Springer and SC Echo merely reiterated their position that Greenwood properly "did testify individually for things that were his personal observations, but properly did not discuss during his individual deposition matters that dealt with his capacity as a representative of either Springer Capital or SC Echo Associates, LLC."  (DN 43, at PageID # 396.)  The Parties did not point the Court to any binding authority on this issue in support of their arguments.  Thus, the Court begins with the text of Fed. R. Civ. P. 30.

Fed. R. Civ. P. 30 permits a party to "depose any person" "by oral questions." Fed. R. Civ. P. 30(a). In such a deposition, "[t]he examination and cross-examination of a deponent proceed as they would at trial under the Federal Rules of Evidence, except Rules 103 and 615." Fed. R. Civ. P. 30(c)(1). For non-expert witnesses, generally, a witness may only testify about matters as to which they have personal knowledge. Fed. R. Evid. 602. In the case of a corporate representative deposition pursuant to Fed. R. Civ. P. 30(b)(6), the designated deponents "must testify about information known or reasonably available to the organization." Fed. R. Civ. P. 30(b)(6). None of these provisions seem to support that Greenwood could avoid answering questions about which he had personal knowledge, regardless of whether he gained that knowledge through his work for either Springer or SC Echo. *See Rainbow Popcorn Co. v. Intergrain Specialty Prod., L.L.C.*, No. 7:06CV5015, 2008 WL 2184116, at *12 (D. Neb. May 23, 2008) (finding that deponent deposed in individual capacity was not excused from providing answers based on his personal knowledge of the business history and practices of two entities for which he was to later serve as a corporate representative). It is not improper to take the deposition of the same person both in his or her individual capacity and then subsequently as the designated witness pursuant to Fed. R. Civ. P. 30(b)(6). *See In re C.R. Bard, Inc. Pelvic Repair Sys. Prod. Liab. Litig.*, No. 2:10-CV-01224, 2013 WL 1722998, at *1 (S.D.W. Va. Apr. 22, 2013) ("A Rule 30(b)(6) designee speaks as the corporation and testifies regarding the knowledge, perceptions, and opinions of the corporation. However, when the same deponent testifies in his individual capacity, he provides only his personal knowledge, perceptions, and opinions."); *Garcia v. City of Amarillo*, No. 2:18-cv-95-Z-BR, 2019 WL 11250160, at *3 (N.D. Tex. Sept. 26, 2019). However, the Court is not aware of any authority requiring that in such a circumstances both depositions be taken separately so long as the parties are careful to delineate in what capacity the witness is being asked to answer

a particular question.  Accordingly, the Court finds it was error for Greenwood to refuse to answer questions in his individual deposition and to defer his answers until his subsequent corporate representative depositions.

### b)     Adequate Preparation

Davis Electronics also claimed that Greenwood was not properly prepared to testify on the topics set forth in the Rule 30(b)(6) notice to take the deposition of an SC Echo corporate representative.  In particular, Davis Electronics claimed Greenwood was unprepared to discuss "budgeting, costs and fees associated with the renovation" because he could not point to specific documents SC Echo had produced on that topic when asked or to discuss "the contractors and subcontractors that were hired to perform renovation work" because he answered, "Whoever Brookside Properties hired," in response to a question on that topic.  (DN 40-1, at PageID # 297-98.)

When a corporation is served with a notice of a Rule 30(b)(6) deposition, it is obligated to produce a witness or witnesses knowledgeable about the subject or subjects described in the notice and to prepare the witness or witnesses to testify not simply to their own knowledge, but the knowledge of the corporation.  *Pogue v. Northwestern Mut. Life Ins. Co.*, No. No. 3:14-CV-598-CRS, 2017 WL 3044763, at *8 (W.D. Ky. July 18, 2017) (*citing Janko Enters. v. Long John Silver's, Inc.*, No. 3:12-CV-345-S, 2014 U.S. Dist. LEXIS 185334, at *12 (W.D. Ky. Apr. 2, 2014)).  A Rule 30(b)(6) designee must be educated and gain the requested knowledge to the extent that it is reasonably available to the corporation.  *Id.*  Thus, such a designee has a duty to reasonably obtain "information from corporate documents, current or prior corporate employees, or any other sources reasonably available to the corporation." *Janko*, 2014 U.S. Dist. LEXIS 185334, at *13-14.  Notably, a Rule 30(b)(6) witness is not expected to perform with absolute perfection, and the

inability of such a witness to answer every question on a particular topic does not necessarily mean that the corporation failed to comply with its obligations under the Rule. *Pogue*, 2017 WL 3044763, at *8; *Janko*, 2014 U.S. Dist. LEXIS 185334, at *14.  In other words, "while the Rule is not 'a memory contest,' the corporation has a clear duty to make a good faith, conscientious effort to designate appropriate persons and to prepare them to testify fully and in a non-evasive fashion about the matters for examination." *Janko*, 2014 U.S. Dist. LEXIS 185334, at *15 (citing *Great Am. Ins. Co. of New York v. Vegas Const. Co. Inc.*, 251 F.R.D. 534, 540 (D. Nev. 2008)).

Having reviewed Greenwood's deposition testimony, the Court finds that Greenwood was prepared.  As to the issue of identifying contractors, though Davis Electronics contended that since Brookside is SC Echo's agent, Greenwood should have obtained that information from Brookside prior to the deposition, the Court does not agree.  Regardless of any legal argument to be made as to whether Brookside was Springer and/or SC Echo's agent, Brookside is a separate legal entity. Moreover, Brookside is not a party to this litigation.  Instead of compelling Springer or SC Echo to consult with Brookside on this issue, Davis Electronics can now just take the deposition of Brookside.  As to Greenwood's purported inability to point to specific documents, given that the production of documents being referenced by Greenwood in his testimony was purportedly 700-pages, the Court sees no error in Greenwood asking to be shown a specific document before answering a question about a discrete topic.  The deposition transcript suggests that Greenwood was prepared to answer specific questions about the documents Springer and SC Echo produced. The Court also finds disingenuous Davis Electronics' statement in its motion that since "[t]he deposition was conducted via zoom due to the COVID-19 pandemic, . . . [Davis Electronics' counsel] ha[d] limited ability to show documents to the witness."  (DN 40-1, at PageID # 297.) Showing a document to a witness via Zoom is easily done via Zoom's screen-sharing function and

is only marginally more complicated than showing a witness a document out of a file folder one has brought to an in-person deposition or using a document camera.  As Greenwood's deposition was not taken until February 2021, almost a year after the onset of the pandemic, Davis Electronics' counsel had more than sufficient time to familiarize himself with the Zoom platform and gain the required level of knowledge to show documents to a witness via Zoom.  Thus, the Court finds that Davis Electronics has failed to demonstrate that Greenwood was not fully prepared to testify as the corporate representative of SC Echo.  Instead, it seems more likely to the Court that Davis Electronics' counsel's frustration with some of the other issues raised in the motion to compel have clouded this issue.  Davis Electronics' motion to compel is **DENIED** as to its request for the Court to order Springer and SC Echo to "adequately prepare" their corporate representatives for depositions.

**c)**      **Evasive Answers**

Davis Electronics also claimed that Greenwood's responses to its counsel's deposition questions were often "curt, sarcastic, [ ] non-responsive" or evasive.  (DN 40-1, at PageID # 297-98.)  In ruling on a motion to compel a response to a deposition question under Fed. R. Civ. P. 30, "an evasive or incomplete disclosure, answer, or response must be treated as a failure to disclose, answer, or respond."  Fed. R. Civ. P. 37(a)(4).  The Court finds it unnecessary here to address in a point-by-point fashion whether certain of Greenwood's answers were evasive or nonresponsive.  The transcripts from Greenwood's individual deposition and his deposition as the corporate representative of SC Echo evidence a significant level of frustration by all persons involved.  It is especially evident that frustration from Greenwood's individual deposition carried over into his deposition as the corporate representative of SC Echo the next day.  Davis Electronics' counsel was frustrated with both Greenwood's conduct and by the conduct of defense counsel, which will

be discussed in more detail below.  Greenwood was frustrated by the arguments between his attorney and Davis Electronics' counsel and by Davis' Electronics' counsel's hostile manner.  And defense counsel was frustrated with what he saw as Davis Electronics' counsel's attempts to confuse Greenwood's testimony.  While frustration is not an excuse for inappropriate behavior, the Court finds that the remedy under the circumstances given some of the other conclusions in the instant opinion is not for an order compelling responses to any particular deposition question on grounds of evasiveness.  Instead, the Court will order the Parties to get move forward with the proper professional tone and spirit of cooperation that is supposed to guide discovery efforts and reconvene Greenwood's deposition.  This will be discussed in more detail below.

### d)      Springer and SC Echo's Counsel's Conduct

While the Court would prefer to focus entirely on moving the Parties past the unproductive depositions they attempted, the conduct of Springer and SC Echo's attorney during the deposition does bear further discussion.  As Davis Electronics correctly observes, an attorney is only permitted to instruct a deponent not to answer in the circumstances specified by the Rules.  Rule 30(c)(2) provides that "[a] person may instruct a deponent not to answer only when necessary to preserve a privilege, to enforce a limitation *ordered by the court*, or to present a motion under Rule 30(d)(3)."  Fed. R. Civ. P. 30(c)(2) (emphasis added).  Rule 30(d)(3) allows a deponent to move to terminate or limit a deposition because "it is being conducted in bad faith or in a manner that unreasonable annoys, embarrasses, or oppresses the deponent or party" and provides that at the objecting deponent or party's request, "the deposition must be suspended for the time necessary to obtain an order." *Id.* at (d)(3).  The majority of McNeill's objections and instructions to Greenwood not to answer were neither on the basis of privilege, nor to enforce any court-ordered limitation, nor did counsel specifically reference Rule 30(d)(3) in his objections or seek leave to file such a

motion after the deposition.  (DN 43-3, at PageID # 420, 422, 426-29; DN 43-5, at PageID # 465-66.)  Therefore, it was improper for counsel to instruct Greenwood not to answer questions on the bases listed in the current deposition testimony.

Further, his objections frequently went beyond the threshold prescribed by rule.  Fed. R. Civ. P. 30 provides that objections during a deposition "must be stated concisely in a nonargumentative and nonsuggestive manner."  Fed. R. Civ. P. 30(c)(2).  "Objections that go on for pages and that result in an incomplete answer or in the witness's adoption of counsel's statement are suggestive."  *Plaisted v. Geisinger Med. Ctr.*, 210 F.R.D. 527, 534 (M.D. Pa. 2002).  An objection is not an excuse for attorney to coach his witness on how to respond to a particular question.  "[M]erely because depositions do not take place in the presence of judges does not mean lawyers can forget their responsibilities as officers of the court."  *Ewald v. Wal–Mart Stores, Inc.*, 139 F.3d 619, 622 n.4 (8th Cir.1998).  Accordingly, while many of his objections were proper, the Court finds that McNeill also lodged multiple argumentative and suggestive objections.  (DN 43-3, at PageID # 419-28; DN 43-5, at PageID # 457, 459, 461, 463, 466, 467, 469-73, 476-77, 482.)

In combination with his improper instructions to Greenwood not to answer questions, his suggestive and argumentative objections impeded and frustrated the fair examination of Greenwood.  Fed. R. Civ. P. 30(d)(2) ("The court may impose an appropriate sanction—including the reasonable expenses and attorney's fees incurred by any party—on a person who impedes, delays, or frustrates the fair examination of the deponent.").  Thus, the Court concludes that sanctions on McNeill are likely warranted by Fed. R. Civ. P. 30(d)(2).  *See FedEx Corp. v. United States*, No. 08-2423 MA/P, 2011 WL 2023297, at *10 (W.D. Tenn. Mar. 28, 2011); *Blount v. Stanley Eng'g Fastening*, No. 519CV00109JRWLLK, 2020 WL 5038522, at *11 (W.D. Ky. Aug. 26, 2020).  However, generally, "[a] court must give notice and afford an attorney opportunity to

be heard before imposing sanctions." *Banner v. City of Flint*, 99 F. App'x 29, 37 (6th Cir. 2004). *See also KCI USA, Inc. v. Healthcare Essentials, Inc.*, 797 F. App'x 1002, 1006 (6th Cir. 2020). While Davis Electronics' motion put McNeill on notice that it found his actions improper, the motion repeatedly requested that sanctions be imposed on Springer and SC Echo, not necessarily on McNeill.  Therefore, to ensure that McNeill is afforded sufficient notice and an opportunity to be heard, the Court will direct him to show cause why he should not be sanctioned in the form of an order directing him to reimburse Davis Electronics for its costs, expenses, and attorney's fees associated with attending the February 16, 2021, deposition of Greenwood in his individual capacity and the February 17, 2021, deposition of Greenwood in his capacity as the corporate representative of SC Echo.  The Court does not find it appropriate at this time to order reimbursement of the expense of preparing for the deposition as the Parties will need to reconvene the deposition as set forth below.

The Court also cautions the Parties that McNeill's conduct will not be viewed in a vacuum. While there is no corresponding motion from Springer and SC Echo before the Court regarding Davis Electronics' counsel's conduct during the deposition—nor by the instant observation does the Court invite or permit one—attorney Hovious's questioning and demeanor during the deposition rose to a level sufficient for the Court to conclude that he too impeded, delayed, and frustrated the fair examination of Greenwood.  While this does not excuse improper behavior, it is relevant to the Court's analysis and will be considered alongside McNeill's response to the Court's show cause order.

### e)      Leave to Reopen Greenwood's Deposition

In view of the frustration and other issues that permeated both Greenwood's individual deposition and deposition as the corporate representative of SC Echo, the Court will permit Davis

Electronics to reopen Greenwood's deposition.  The Court finds it unnecessary to issue many specific warnings as requested by Davis Electronics regarding Greenwood, SC Echo, or Springer's duties as it relates to the reopened deposition as the instant memorandum opinion and order is instructive of the pitfalls to be avoided this time around.  The Parties shall agree on whether they are taking three separate depositions of Greenwood in his various capacities or one deposition as to all three capacities.  If the Parties elect to take one deposition, they are free to stipulate to an extension of the time for deposition as set forth in Fed. R. Civ. P. 30(d)(1).  As detailed above, if the Parties take separate depositions, Greenwood is not permitted to defer answering questions until a later representative deposition and instead must answer all questions about which he has personal knowledge.  He remains free to specify, where appropriate, that his knowledge was gained solely as a result of his duties to one Defendant or another.  The Parties shall conduct this deposition in accordance with the revised scheduling order solicited below.

### 3.      Fed. R. Civ. P. 37(a)(5)

Davis Electronics moved for sanctions in the form of attorney's fees and costs expended in obtaining supplemental responses to discovery, including the fees related to the instant motion, preparing deficiency letters, and preparing for and attending status conferences regarding discovery with the Court.  (DN 40-1, at PageID # 283-84, 304, 306.)  Fed. R. Civ. P. 37(a) permits a party seeking discovery to "move for an order compelling an answer, designation, production, or inspection" where the opposing party has failed to answer interrogatories under Rule 33, failed to respond to requests for production under Rule 34, or failed to make a designation under Rule 30(b)(6), as well as where a deponent has failed to answer a question under Rule 30.  Fed. R. Civ. P. 37(a)(3)(B).  The rule provides that where such a motion is granted in part and denied in part, as the instant motion has been, the court "may, after giving an opportunity to be heard, apportion

the reasonable expenses for the motion." Fed. R. Civ. P. 37(a)(5)(C).  Factors that are relevant to whether an award of sanctions is warranted include whether the party's "failure to sufficiently respond was willful or made in bad faith" and whether the party's failure to respond has prejudiced the party propounding the discovery.  *Hollingsworth v. Daley*, No. 2:15-cv-36-WOB-REW, 2016 WL 2354797, at *2 (E.D. Ky. Mar. 21, 2016), *report and recommendation adopted*, 2016 WL 1737956 (E.D. Ky. May 2, 2016) (citing *Spees v. James Marine, Inc.*, No. 5:08-cv-73, 2009 WL 981681, at *5 (W.D. Ky. Apr. 13, 2009)).  Courts also look to the party's justification for its initial response to the discovery.  *Groupwell Int'l (HK) Ltd. v. Gourmet Exp., LLC*, 277 F.R.D. 348, 361 (W.D. Ky. 2011).  If the party's initial response is reasonably justified an award of reasonable expenses is not appropriate.  *Id.* An award of fees under Rule 37(a)(5)(C) has been held to be inappropriate where the parties prevailed on a motion to compel "in approximate equal degree." *Wright v. State Farm Fire & Cas. Co.*, No. 2:12-cv-409, 2013 WL 1945094, at *6 (S.D. Ohio May 9, 2013) (citing *Nat'l Hockey League v. Metro. Hockey Club*, 427 U.S. 639 (1976); *Reg'l Refuse Sys. v. Inland Reclamation Co.*, 842 F.2d 150, 154 (6th Cir. 1988)).

Applying these factors to the instant case, the need for the Court to chivvy Springer and SC Echo along in providing discovery responses did prejudice Davis Electronics by unnecessarily extending the length of this case and forcing them to exert substantial efforts to obtain sufficient responses.  However, Davis Electronics filed its initial motion to compel without seeking a conference as required by the Court's scheduling order or without meaningful attempts to meet and confer.  The Court is disinclined to reward a party who itself contributed to prolonging the dispute before the Court.  Ultimately, the Court finds that Davis Electronics, Springer, and SC Echo prevailed on the motion in approximately an equal degree such that an award of fees under Fed. R. Civ. P. 37 is inappropriate.  However, as set forth above, pursuant to Fed. R. Civ. P.

30(d)(2), the Court will order attorney John McNeill to show cause why he should not be sanctioned for his inappropriate objections and instructions to his client not to answer.

**B.     Springer and SC Echo's Motion to Strike Plaintiff's Late Damages Expert (DN 68)**

On June 17, 2021, Davis Electronics served "Supplemental Initial Disclosures" identifying William J. Receveur, III ("Receveur") as a witness regarding the remedial work necessary to be done to the Davis Electronics' property and any associated costs.  (DN 68, at PageID # 995.)  Springer and SC Echo requested that the Court strike Receveur from Davis Electronics' supplemental initial disclosures on grounds that he is an expert witness who was not disclosed by the deadline for doing so and that his disclosure was not accompanied by the necessary requirements under Rule 26.  (*Id.*)  Brookside indicated that it did not object to Springer and SC Echo's motion.  (DN 71.)  In response, Davis Electronics admitted that Receveur was disclosed beyond the time frame set by the Court's initial scheduling order.  (DN 72, at PageID # 1017.)  However, setting aside the issue of whether he is properly an expert or fact witness, Davis Electronics argued that the late disclosure did not prejudice any party given that discovery is far from complete.  (*Id.*)  Davis Electronics also noted that Brookside only just joined the case in April 2021, and as such, the scheduling order would need to be modified accordingly to permit them full participation in the action.  (*Id.*)  In their reply, Springer and SC Echo emphasized that the late disclosure did prejudice them because it changed the picture significantly regarding damages.  (DN 79.)

As neither party has provided a copy of Davis Electronics' supplemental initial disclosures to the Court, the Court cannot adequately address whether Receveur is an expert or a fact witness. Instead, the Court will address his untimely disclosure.  Pursuant to Fed. R. Civ. P. 37(c)(1), "[i]f a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party

is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1).  In *Howe v. City of Akron*, 801 F.3d 718, 748 (6th Cir. 2015), the Sixth Circuit adopted a five factor test for assessing whether a late or omitted disclosure is substantially justified or harmless.  The Court should consider

> (1) the surprise to the party against whom the evidence would be offered; (2) the ability of that party to cure the surprise; (3) the extent to which allowing the evidence would disrupt the trial; (4) the importance of the evidence; and (5) the nondisclosing party's explanation for its failure to disclose the evidence.

*Id. (quoting Russell v. Absolute Collection Servs., Inc.,* 763 F.3d 385, 396-97 (4th Cir. 2014)). Here, the Court finds that the balance of these factors weigh in favor of allowing the late disclosure of Receveur.  While his existence and his calculations may have come as a surprise to Springer and SC Echo, given that this matter has not yet been set for trial and that the deadlines have not yet been reset to accommodate that addition of Brookside, any surprise to Springer and SC Echo is curable by permitting those entities to disclose any additional witnesses, expert or fact, necessary to combat his anticipated testimony.  Allowing for this opportunity will not disrupt any trial since one has not yet been set and sufficient time can be worked into the revised schedule.  As Receveur's testimony relates to damages, it an important part of Davis Electronics' claims.  While Davis Electronics did not offer a particularly satisfactory explanation for the late disclosure, the Court finds that on balance the late disclosure will be permitted.  Accordingly, Springer and SC Echo's motion to strike will be **DENIED**.  The Parties are directed to meet and confer regarding the issue of whether Receveur is a fact or expert witness and if the latter, how long Davis Electronics needs to make any required expert disclosures.  The Parties shall propose appropriate deadlines related to those issues in the proposed scheduling order required below.

**C.      Plaintiffs' Motion for Scheduling Order and Scheduling Conference (DN 87)**

Plaintiffs requested that the Court set this matter for a status and scheduling conference before the undersigned to modify the schedule and "place the parties back upon a certain track *en route* to trial."  (DN 87, at PageID # 1121.)  They correctly note that no new scheduling order was ever entered after Plaintiffs were granted leave to amend their Complaint.  Given the resolution of all pending discovery motions above, the Plaintiffs' motion is **GRANTED**.  The Court will set this matter for a status conference and direct the Parties to confer regarding a proposed amended scheduling order to be submitted in advance of the conference.  The Parties shall also come prepared to discuss whether they have completed sufficient discovery to participate in a productive settlement conference.

## III.   ORDER

For the reasons set forth above, IT IS HEREBY ORDERED as follows:

(1)      Davis Electronics' Motion to Compel and for Sanctions (DN 40) is **GRANTED IN PART** and **DENIED IN PART** as set forth herein.

(2)      Springer and SC Echo's Motion to Strike (DN 68) is **DENIED**.

(3)      Plaintiffs' Motion for Scheduling Order and Scheduling Conference (DN 87) is **GRANTED**.  This matter is set for a telephonic status conference before the undersigned on **April 21, 2022, at 9:30 AM ET**.  Party representatives **SHALL** personally attend the conference.  Counsel and Party representatives shall connect to the conference by dialing toll free number 1-888-808-6929 and entering access code 2773744#.  The Parties shall come to the conference prepared to discuss whether they have completed sufficient discovery to participate in a productive settlement conference.

(4)     On or before **April 12, 2022**, the Parties shall file a joint proposed amended scheduling order for the Court's consideration.

(5)     On or before **April 15, 2022**, attorney John G. McNeill shall **SHOW CAUSE** in writing why he should not be sanctioned for the conduct detailed herein in the form of an order directing him to reimburse Davis Electronics for its costs, expenses, and attorney's fees associated with attending the February 16, 2021, deposition of Greenwood in his individual capacity and the February 17, 2021, deposition of Greenwood in his capacity as the corporate representative of SC Echo.

Colin H Lindsay, Magistrate Judge
United States District Court

cc:  Counsel of record

March 28, 2022